GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
By: JOHN E. GURA, Jr.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2712
Facsimile:   (212) 637-2717
E-mail:  john.gura@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br> JACOB N. STEIN, individually and d/b/a<br>   TEPdesign, Inc.<br><br>                              Defendant. | **COMPLAINT**<br><br>Docket No. 19 Civ. _____ |

        Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S.
Berman, United States Attorney for the Southern District of New York, for its Complaint, alleges
upon information and belief as follows:

### NATURE OF ACTION

        1.        This is an action to recover money due and owing the United States by defendant
Jacob N. Stein ("Defendant") pursuant to a final order of the Commodity Futures Trading
Commission ("CFTC"), an agency of the United States, as reported *In the Matter of CFTC v.
Jacob N. Stein, individually and d/b/a TEPdesign, Inc.*, CFTC Docket No. 14-20.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff United States is a sovereign.

5.      Defendant Jacob N. Stein is a natural person whose last known address is 5 E. Ridge Road, Hankins, New York 12741.  Defendant is currently incarcerated in Greene Correctional Facility, 165 Plank Road, P.O. Box 8, Coxsackie, New York 12051-0008.

## FACTUAL ALLEGATIONS

6.      On August 11, 2014, CFTC issued an Order, *In the Matter of CFTC v. Jacob N. Stein, individually and d/b/a TEPdesign, Inc.*, instituting proceedings pursuant to section 6(c) and 6(d) of the Commodity Exchange Act, 7 U.S.C. §§ 6c and 6d, in which it made findings and imposed remedial sanctions on Defendant (the "Order").   The Order was issued following Defendant's offer of settlement.   The Order provides, *inter alia*, that defendant pay (a) restitution in the amount of $244,400.00 to a CFTC-appointed monitor within thirty days; (b) a civil monetary penalty of $100,000.00 to the CFTC within thirty days.  The Order also stated that failure to pay the amounts owed would result in post-judgment interest charges.  A true and correct copy of the CFTC Order is attached hereto as ***Exhibit A*** and incorporated herein.

7.      By letter dated September 15, 2014, the National Futures Association ("NFA"), the monitor appointed under the Order and responsible for the collection of Defendant's restitution payment, notified Defendant that, to date, he had not paid the $244,400.00 restitution owed under the Order.  The letter further advised Defendant that if his payment was not received by the monitor

by September 29, 2014, the matter would be referred to the CFTC for further action.  A true and correct copy of the September 15, 2014 letter is attached as ***Exhibit B***.

8.      By letter dated October 2, 2014, Daniel A. Driscoll of NFA advised Patrick Daly of the CFTC that notwithstanding several attempts by NFA to collect, Defendant had failed to pay the restitution owed under the Order.  NFA's letter further advised Defendant that it was referring the matter back to the CFTC for action to seek collection.  A true and correct copy of the October 2, 2014 letter is attached as ***Exhibit C***.

9.      On or about October 10, 2014, the CFTC sent Defendant a Notice of Claim for Monetary Sanctions ("Notice").  The Notice advised Defendant that he was to pay immediately (a) $100,015.29 in a civil monetary penalty (consisting of $100,000 in principal plus post-judgment interest as of October 8, 2014, of $15.29); and (b) $244,437.34 in restitution (consisting of $100,000 in principal plus post-judgment interest as of October 8, 2014, of $15.29).  Defendant was further advised that interest on his restitution and civil monetary penalty was set at 0.12 percent, and would be compounded annually until his debt was paid in full, as provided by 28 U.S.C. 1961.  A true and correct copy of the October 10, 2014 Notice is attached as ***Exhibit D***.

10.     On or about December 20, 2016, Defendant sent a letter to NFA affirming that he had not paid the restitution or civil monetary penalty imposed by the CFTC.  In his letter, Defendant explained that his failure to pay his restitution and the monetary penalty was due to his incarceration as a result of charges brought by New York State.  Defendant further stated that "Upon release from prison, I fully intend to comply… and pay all the funds with interest as rapidly as possible."  A true and correct copy of Defendant's December 20, 2016 letter is attached as ***Exhibit E***.

11.     This matter was referred to the United States Attorney's Office for the Southern District of New York (the "Office") to seek a judgment for Defendant's unpaid obligation.  On July 17, 2019, this Office sent a letter to Defendant informing him we would file suit unless he satisfied his restitution and monetary penalty obligations by July 31, 2019.  Defendant has not satisfied those obligations.

12.     Defendant is liable for civil penalties pursuant to 7 U.S.C. § 9a in the amount of $100,529.60, and an additional $239,115.26 in restitution pursuant to the CFTC's August 11, 2014 Order.  Despite due demand, Defendant has failed to pay the amount demanded.  A certificate of indebtedness from the CFTC is attached as **Exhibit F** and incorporated herein.

WHEREFORE, Plaintiff the United States demands judgment against Defendant in the amount of $339,644.86 as of May 9, 2019, with interest accruing thereafter at the rate of 0.12% per annum, and for such other and further relief as the Court may deem proper.

Date:   August 2, 2019
        New York, New York

                                Respectfully submitted,

                                GEOFFREY S. BERMAN
                                United States Attorney

                By:     s/ *John E. Gura, Jr.*
                        JOHN E. GURA, Jr.
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Telephone:  (212) 637-2712
                        Facsimile:  (212) 637-2717
                        E-mail: john.gura@usdoj.gov



# ATTACHMENT A

### UNITED STATES OF AMERICA
### Before the
### COMMODITY FUTURES TRADING COMMISSION



RECEIVED CFTC

Office of Proceedings
Proceedings Clerk
**2:28 pm, Aug 11, 2014**

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Jacob N. Stein, individually and d/b/a | ) | CFTC Docket No. 14- 20 |
| TEPdesign, Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER INSTITUTING PROCEEDINGS PURSUANT TO
### SECTIONS 6(c) AND 6(d) OF THE COMMODITY EXCHANGE ACT
### <u>MAKING FINDINGS AND IMPOSING REMEDIAL SANCTIONS</u>

### I.

The Commodity Futures Trading Commission ("Commission") has reason to believe that from in or about January 2010 through September 2012 (the "Relevant Period"), Jacob N. Stein individually and doing business as TEPdesign, Inc. ("Stein" or "Respondent") violated Section 4b(a)(2)(A)-(B) of the Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. § 6b(a)(2)(A)-(B) (Supp. II 2009 & Supp. IV 2011). From October 18, 2010 through September 2012, Stein also violated Commission Regulations 5.2(b) and 5.3(a)(2)(i), 17 C.F.R. §§ 5.2(b) and 5.3(a)(2)(i) (2012). From July 16, 2011 through September 2012, Stein also violated Sections 4$o$(1)(A) and (B), 7 U.S.C. § 6$o$(1)(A) and (B) (2006) and 4m(1), 7 U.S.C. § 6m(1) (Supp. IV 2011). Therefore, the Commission deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted to determine whether Respondent engaged in the violations set forth herein and to determine whether any order should be issued imposing remedial sanctions.

### II.

In anticipation of the institution of an administrative proceeding, Respondent has submitted an Offer of Settlement ("Offer"), which the Commission has determined to accept. Without admitting or denying any of the findings or conclusions herein, Respondent consents to the entry of this Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions ("Order") and acknowledges service of this Order.[1]

---

[1] Respondent consents to the entry of this Order and to the use of these findings in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party; provided, however, that Respondent does not consent to the use of the Offer, or the findings or conclusions in this Order consented to in the Offer, as the

The Commission finds the following:

## A.   SUMMARY

During the Relevant Period, without registering as a commodity pool operator ("CPO"), Stein solicited and obtained approximately $524,000 from at least 17 investors ("Pool Participants") to participate in a commodity pool for the purpose of trading leveraged or margined off-exchange foreign currency contracts ("forex"). Of this amount, approximately $83,000 was used to trade Forex, of which over $80,000 was lost in Forex trading. Instead of reporting these losses to the Pool Participants, Stein created and distributed to the Pool Participants false account statements indicating that Stein was earning profits for the Pool Participants through forex trading. The remaining funds, approximately $441,000, were misappropriated by Stein to pay fabricated "profits" and returns of principal to Pool Participants and for Stein's personal expenses, such as car payments and retail purchases. Ten Pool Participants are still owed approximately $244,400 in principal.

## B.   RESPONDENT

Jacob N. Stein is a resident of Hankins, New York. Stein was the President and owner of TEPdesign, Inc. and during the Relevant Period Stein also did business as TEPdesign, Inc. Neither Stein nor TEPdesign, Inc. has ever been registered with the Commission.

## C.   FACTS

During the Relevant Period, Stein solicited neighbors, friends and family, by electronic mail and other means, and received approximately $524,000 from at least 17 Pool Participants, who were not eligible contract participants ("ECPs") as defined in Section 1a(18) of the Act, 7 U.S.C. § 1a(18), for the purpose of trading leveraged, margined or financed off-exchange forex. During the Relevant Period, Stein was not registered as a CPO. Also, during the Relevant Period, Stein was not a financial institution, registered broker or dealer, insurance company, financial holding company, or investment bank holding company, nor was Stein an associated person of any of the foregoing.

Stein misappropriated approximately $441,000 of the Pool Participants' funds, which were used by Stein to make payments of principal and fabricated profits to Pool Participants and to pay Stein's personal expenses, including his car payments and retail purchases. While Stein has made some repayments of principal to the Pool Participants, ten Pool Participants are still owed approximately $244,400 in principal.

Only $83,000 of the amount solicited and obtained was used to trade Forex. Of the $83,000 used to trade forex, over $80,000 was lost through Stein's trading. Stein's forex trading losses were in stark contrast to the consistent and significant profits he reported to Pool Participants. Stein created and distributed false account statements to the Pool Participants,

---

sole basis for any other proceeding brought by the Commission, other than in a proceeding in bankruptcy or to enforce the terms of this Order. Nor does Respondent consent to the use of the Offer or this Order, or the findings or conclusions in this Order consented to in the Offer, by any other party in any other proceeding.

indicating that Stein was earning profits for the Pool Participants through forex trading. Stein sent these false account statements to the Pool Participants by e-mail and other means. The false account statements also contained the account's purported earnings and "weekly growth." The statements showed consistent positive weekly gains, typically in the neighborhood of 1% per week and never reported a single week with a net loss.

These account statements, however, did not reflect the results of actual forex trading conducted by Stein on behalf of Pool Participants. Rather, they were fabricated by Stein, who ignored actual losses he sustained in his limited forex trading. Stein has admitted to making statements and omissions that misled Pool Participants to believe that these account statements reflected actual trading he was conducting with the Pool Participants' funds.

At various times, Stein also made false statements to Pool Participants as to why he could not meet their withdrawal requests, including that he needed to maintain minimum account balances, that multiple requests for withdrawals had to be staggered, that he was in the process of transferring funds between accounts, that his account was undergoing an audit, and that the accounts had been frozen by regulators or banks. These statements by Stein were knowingly or recklessly false and misleading. As Stein well knew, he was unable to make payments to the Pool Participants because the purported earnings were fictitious and the Pool Participants' funds had been used earlier to make payments to investors, had been consumed by trading losses, or had been otherwise spent by Stein.

III.

LEGAL DISCUSSION

**Stein Defrauded Pool Participants**

Pursuant to Section 2(c)(2)(C)(iv) of the Act, Section 4b of the Act applies to the forex transactions conducted by Respondent and offered to, or entered into with, non-ECPs on a leveraged, margined or financed basis, "as if" they were a contract of sale for a commodity for future delivery.[2] During the Relevant Period, Stein, in or in connection with the making of forex transactions made, or to be made, for or on behalf of, or with, non-ECP Pool Participants, cheated, defrauded or attempted to cheat or defraud such Pool Participants, and willfully made or caused to be made to such participants false reports or statements or willfully entered or caused to be entered for such participants false records, by knowingly or recklessly distributing false account statements to such participants by email and other means, and by misappropriating such participants' funds, in violation of Section 4b(a)(2)(A) and (B) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(B)( Supp. II 2009 & Supp. IV 2011).

By such fraudulent actions, from October 18, 2010 through September 2012, Stein also, through the use of the mails or other means or instrumentalities of interstate commerce and in or

---

[2] The Commission has jurisdiction over Stein's fraud in connection with off-exchange forex transactions offered to, or entered into with, non-ECPs on a leveraged, margined or financed basis, pursuant to Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2012).

3

in connection with retail forex transactions, cheated or defrauded or attempted to cheat or defraud Pool Participants; willfully made or caused to be made to Pool Participants false reports or statements or caused to be entered for such participants false records; and deceived or attempted to deceive such participants by any means whatsoever, in violation of Commission Regulations 5.2(b)(1)-(3), 17 C.F.R. § 5.2(b)(1)- (3) (2012).

From July 16, 2011 through September 2012, Stein operated as a CPO, as defined in Section 1a(11)(A)(i)(II) of the Act, in that he engaged in a business that is in the nature of an investment trust, syndicate or similar form of enterprise, and in connection therewith, solicited, accepted or received funds, securities, or other property from others for the purpose of trading forex.

Thus, by his fraudulent actions, from July 16, 2011 through September 2012, Stein, through the use of the mails or other means or instrumentalities of interstate commerce, while acting as a CPO, directly or indirectly employed a device, scheme, or artifice to defraud Pool Participants, or engaged in transactions, practices or a course of business which operated as a fraud or deceit upon such participants, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1)(A) and (B) (2006).

**Stein Acted as an Unregistered CPO**

From October 18, 2010 through September 2012, Stein acted as a CPO without registering as a CPO as required, in violation of Commission Regulation 5.3(a)(2)(i), 17 C.F.R. § 5.3(a)(2)(i) (2012).[3]  And from July 16, 2011 through September 2012, Stein acted as a CPO and made use of the mails or any means or insrumentality of interstate commerce in connection with his business as such CPO without registering as a CPO as required, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (Supp. IV 2011).

IV.

FINDINGS OF VIOLATION

Based upon the foregoing, the Commission finds that: during the Relevant Period, Respondent violated Section 4b(a)(2)(A)-(B) of the Act; from October 18, 2010 through September 2012, Respondent  violated Commission Regulations 5.2(b)(1)-(3) and 5.3(a)(2)(i); and from July 16, 2011 through September 2012, Respondent violated Sections 4o(1)(A)-(B) and 4m(1) of the Act.

---

[3] For the purposes of trading forex, a "commodity pool operator" is defined in Commission Regulation 5.1 (d)(1), 17 C.F.R. § 5.1 ( d)(1) (2012), as any person who operates or solicits funds, securities or property for a pooled investment vehicle that is not an eligible contract participant as defined in section 1a(18) of the Act, and that engages in retail forex transactions.

## V.

### OFFER OF SETTLEMENT

Respondent has submitted the Offer in which he, without admitting or denying the findings and conclusions herein:

A.    Acknowledges receipt of service of this Order;

B.    Admits the jurisdiction of the Commission with respect to all matters set forth in this Order and for any action or proceeding brought or authorized by the Commission based on violation of or enforcement of this Order;

C.    Waives:

1.    the filing and service of a complaint and notice of hearing;

2.    a hearing;

3.    all post-hearing procedures;

4.    judicial review by any court;

5.    any and all objections to the participation by any member of the Commission's staff in the Commission's consideration of the Offer;

6.    any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1-30 (2013), relating to, or arising from, this proceeding;

7.    any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this proceeding; and

8.    any claims of Double Jeopardy based on the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

D.    Stipulates that the record basis on which this Order is entered shall consist solely of the findings contained in this Order to which Respondent has consented in the Offer;

E.    Consents, solely on the basis of the Offer, to the Commission's entry of this Order that:

1.    makes findings by the Commission that, during the Relevant Period, Respondent violated Section 4b(a)(2)(A)-(B) of the Act; from October 18, 2010 through September 2012, Respondent violated Commission Regulations 5.2(b)(1)-(3) and

5

5.3(a)(2)(i), 17 C.F.R. § 5.2(b) and 5.3(a)(2)(i); and from July 16, 2011 through September 2012, Respondent violated Sections 4o(1)(A)-(B) and 4m(1) of the Act;

2.     orders Respondent to cease and desist from violating Sections 4a(b)(2)(A)-(B), 4o(1)(A)-(B) and 4m(1) of the Act, and Commission Regulations 5.2(b)(1)-(3) and 5.3(a)(2)(i), 17 C.F.R. § 5.2(b) and 5.3(a)(2)(i);

3.     orders Respondents to pay restitution in the amount of two hundred forty-four thousand four hundred dollars ($244,400), plus post-judgment interest;

4.     orders Respondent to pay a civil monetary penalty in the amount of one hundred thousand dollars ($100,000), plus post-judgment interest, if the civil monetary penalty is not paid within thirty (30) days of the entry of this Order; and

5.     appoints the National Futures Association ("NFA") as Monitor in this matter;

6.     orders that Respondent be permanently prohibited from, directly or indirectly, engaging in trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. §1a(40) (Supp. IV 2011), and all registered entities shall refuse him trading privileges; and

7.     orders Respondent to comply with the conditions and undertakings consented to in the Offer and a set forth in Part VII of this Order.

Upon consideration, the Commission has determined to accept the Offer.

## VI.

## ORDER

**Accordingly, IT IS HEREBY ORDERED THAT:**

A.     Respondent shall cease and desist from violating Sections 4b(a)(2)(A)-(B), 4o(1)(A)-(B), and 4m(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(B), 6o(1)(A)-(B), and 6m(1) (2006 & Supp. II 2009 & Supp. IV 2011), and Commission Regulations 5.2(b), and 5.3(a)(2)(i),17 C.F.R. §§ 5.2(b) and 5.3(a)(2)(i) (2012).

B.     Respondent shall pay restitution in the amount of two hundred forty-four thousand four hundred dollars ($244,400) within thirty (30) days of the date of entry of this Order ("Restitution Obligation"). Post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2006).

To effect payment by Respondent and the distribution of restitution to Respondent's Pool Participants, the Commission appoints the NFA as "Monitor." The Monitor shall collect payments of the Restitution Obligation from Respondent and make distributions as set forth below. Because the Monitor is not being specially compensated for these services,

and these services are outside the normal duties of the Monitor, it shall not be liable for any action or inaction arising from its appointment as Monitor other than actions involving fraud.

Respondent shall make his payments of the Restitution Obligation under this Order in the name of the "Jacob N. Stein's Settlement Fund" and shall send such payments by electronic funds transfer, or U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies the paying Respondent and the name and docket number of this proceeding. The paying Respondent shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

The Monitor shall oversee Respondent's Restitution Obligation and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to the Respondent's Pool Participants or may defer distribution until such time as the Monitor may deem appropriate. In the event that the amount of payments of the Restitution Obligation to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a restitution distribution is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission, as discussed below. To the extent any funds accrue to the U.S. Treasury for satisfaction of Respondent's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in this Order

C.    Respondent shall pay a civil monetary penalty of one hundred thousand dollars ($100,000), plus post-judgment interest if the civil monetary penalty is not paid within thirty (30) days of the date of entry of this Order (the "CMP Obligation"). If the civil monetary penalty is not paid within thirty (30) days, of the date of the entry of this Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012). Respondent shall pay the CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables --- AMZ 340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-5644

7

If payment is to be made by electronic funds transfer, Respondent shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Respondent shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Respondent and the name and docket number of this proceeding. The Respondent shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to the Deputy Director, Division of Enforcement, Commodity Futures Trading Commission, 140 Broadway, 19th Floor, New York, NY 10005.

D.   Respondent is permanently prohibited from, directly or indirectly, engaging in trading on or subject to the rules of any registered entity (as that term is defined in Section la(40) of the Act, 7 U.S.C. § la(40)(Supp. IV 2011)), and all registered entities shall refuse him privileges thereon.

E.   Respondent and his successors and assigns shall comply with the following conditions and undertakings set forth in the *Offer*:

   1.  Public Statements: Respondent agrees that neither he nor any of his successors and assigns, agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any findings or conclusions in this Order or creating, or tending to create, the impression that this Order is without a factual basis; provided, however, that nothing in this provision shall affect Respondent's: (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Respondent and his successors and assigns shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement.

   2.  Respondent agrees that he shall never, directly or indirectly:

      i.   enter into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Commission Regulation 1.3(hh), 17 C.P.R. § 1.3(hh) (2012)) ("commodity options"), swaps (as that term is defined in Section 1a(47) of the Act, to be codified at 7 U.S.C. § 1a(47) and as further defined in Commission Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2012)) ("swaps"), security futures products and foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts")), for his own personal account or for any account in which he has a direct or indirect interest;

      ii.  have any commodity futures, options on commodity futures, commodity options, swaps, security futures products and/or forex contracts traded on his behalf;

    iii.  control or direct the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, swaps, security futures products and/or forex contracts;

    iv.  solicit, receive, or accept any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, swaps, security futures products and/or forex contracts;

    v.  apply for registration or claim exemption from registration with the Commission in any capacity, or engage in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012);

    vi.  act as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee of any person (as that term is defined in Section 1 a(38) of the Act, 7 U.S.C. § 1a(38)(Supp. IV 2011)) registered, required to be registered or exempted from registration with the Commission except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

F.    <u>Cooperation with Monitor</u>: Respondent shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Respondent's Pool Participants, whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any restitution payments. Respondent shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

G.    <u>Partial Satisfaction</u>:  Respondent understands that any acceptance by the Commission or the Monitor of partial payment of Respondent's Restitution Obligation or CMP Obligation shall not be deemed a waiver of  his obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

H.    <u>Change of Address/Phone</u>:  Until such time as Respondent satisfies in full his Restitution Obligation and CMP Obligation as set forth in this Order, Respondent shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

The provisions of this Order shall be effective as of this date.

By the Commission.

Melissa D. Jurgens
Chief, Executive Secretariat Branch
Commodity Futures Trading Commission

Dated: August 11, 2014

OCT. 15. 2014   9:29AM   NFA 3129761733

# NFA NATIONAL FUTURES ASSOCIATION

September 15, 2014

CERTIFIED MAIL
JACOB N STEIN
10834 STATE ROUTE 97
HANKINS, NY 12741

Re:      JACOB N STEIN
         Case No.    14-20

Dear Mr. STEIN:

As you are aware, the Order entered in the above referenced case, requires you to make a restitution payment in the amount of $244,000.00 plus post-judgment interest.

On September 2, 2014, National Futures Association ("NFA") sent you a letter requesting that you forward your restitution payment to my attention. To date your payment has not been received. You must make your restitution payment by September 29, 2014. Please make your payment payable to JACOB N STEIN'S SETTLEMENT FUND.

If we do not receive your payment by September 29, 2014, we will refer this matter back to the Commodity Futures Trading Commission, which can take legal action, among other things, to seek collection.

If you have any questions regarding this matter or if we can assist you in any way, please contact Suzanne Cech at (312) 781-1321.

Sincerely,

*Daniel A. Driscoll*

Daniel A. Driscoll
Executive Vice President
Chief Operating Officer

cc:    Patrick Daly, CFTC
      Linda Lightner, CFTC



NATIONAL FUTURES ASSOCIATION

October 2, 2014

PATRICK DALY
COMMODITY FUTURES TRADING COMMISSION
140 BROADWAY
NEW YORK, NY 10005

Re:        JACOB N STEIN
Case No.    14-20

Dear Mr. DALY:

The Order in the above referenced case appoints National Futures Association ("NFA") as the Monitor. As the Monitor, NFA is responsible for complying with the instructions in the Order involving the collection and distribution of funds to the investors.

This letter serves to notify you that NFA has made several attempts to collect the restitution that was ordered in the above matter. As of today, no funds have been received from Mr. Stein.

At this time, we are referring this matter back to the Commodity Futures Trading Commission for further action to seek collection.

If you have any questions regarding this matter or if we assist you in any way, please contact Suzanne Cech at (312) 781-1321.

Sincerely,

Daniel A. Driscoll
Executive Vice President
Chief Operating Officer

cc:    Linda Lightner

 

## ATTACHMENT C



**U.S. COMMODITY FUTURES TRADING COMMISSION**
DOT/FAA/MMAC
6500 S. MacArthur Blvd, Oklahoma City, OK  73169
Telephone: (405) 954-6569
Facsimile: (405) 954-1620

Office of Financial
Management

October 10, 2014

CERTIFIED MAIL

Jacob N. Stein, individually
 & d/b/a TEPdesign Inc.
c/o Elliot G. Sagor
Mintz & Gold LLP
470 Park Avenue, South
New York, NY  10016

Jacob N. Stein, individually
 & d/b/a TEPdesign Inc.
5 E. Ridge Road
Hankins, NY  12741

Customer Number – CFTC-14-20

RE:   **NOTICE OF CLAIM FOR MONETARY SANCTIONS,** assessed in
Commodity Futures Trading Commission vs. Jacob N. Stein, individually & d/b/a
TEPdesign Inc., Administrative Case No.14-20

Dear Mr. Stein:

Commission records indicate that payment has not been received as directed in an order issued by the Commodity Futures Trading Commission.  Payment of the Restitution and Civil Monetary Sanctions owed by you is due immediately.  You owe the following amounts:

a) **Civil Monetary Penalty in the amount of $100,015.29** (consisting of $100,000 in principal plus post-judgment interest as of October 8, 2014 of $15.29).

b) **Restitution in the amount of $244,437.34** (consisting of $244,400 in principal plus post-judgment interest as of the October 8, 2014 of $37.34).

Your payment civil monetary penalty should be sent by electronic funds transfer to the account of the Commodity Futures Trading Commission at the United States Treasury, or by U.S. postal money order, certified check, bank cashier's check or money order, made payable to the Commodity Futures Trading Commission.  If payment by electronic transfer is chosen, contact Nikki Gibson at 405-954-7262; otherwise, send payment to the address below:

Page 2

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Account Receivables --- AMZ-340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. Macarthur Blvd.
Oklahoma City, OK 73169

In addition, your restitution payment should be made payable to the "Jacob N. Stein's Settlement Fund" and should be sent to the National Futures Association, Office of Administration, 300 South Riverside Plaza, Suite 1800, Chicago, IL 60606.

Please send a copy or proof of any restitution or civil monetary penalty payment made to the following address:

Commodity Futures Trading Commission
Director to Division of Enforcement
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

Interest will continue to accrue at a rate of 0.12 percent, compounded annually, until the debt is paid in full. *See* 28 U.S.C. § 1961.

If you fail to pay the debt, the Commission will submit the entire debt to the Treasury's Crossing-Servicing Program, which includes the Treasury Offset Program (TOP). Once the debt is submitted to TOP, the U.S. Department of Treasury will reduce or withhold any of your eligible Federal payments by the amount of the debt. The Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996 authorize this process known as "offset." Federal payments eligible for offset include any federal payment of military and civilian salary and retirement pay, contractor payments, grant payments, benefit payments, class action suit awards, tax refunds and other Federal payments, including certain loans that are not exempt from offset. The debt will increase further to cover any fees charged as a result of offset.

Other collection actions may include:

- administrative wage garnishment, a process whereby a portion of your wages will be withheld for payment of the debt;

- disclosure of the delinquent debt to a consumer reporting agency any time after sixty days from the date of the first notification, by providing, among other things, (a) your name, address, and taxpayer identification number; (b) the amount owed, (c) and the status of the claim;

- referral of the matter to a collection agency;

Page 3

- referral of the matter to the Attorney General of the United States for collection, which could involve legal proceedings in the federal district court, as provided by Section 6(e) of the Commodity Exchange Act, 7 U.S.C. § 9a; and

- report the full amount of the unpaid debt, including all charges as described above, to the Internal Revenue service as income.

**It is in your best interest to immediately pay the amount owed**. If you have any questions, do not hesitate to contact me at the above address.

Sincerely,

Marie Thorne for
Commodity Futures Trading Commission
Accountant

# ATTACHMENT D

December 20, 2016

National Futures Assoc.
300 S. Riverside Plaza
Suite 1800
Chicago, Illinois 60606



ATTN: Mr. Daniel A. Driscoll
        Ms. Suzanne Cech

Dear Sir or Madam:

      My name is Jacob Stein, and I am contacting you about a
settlement I made with the CFTC (re: JACOB N. STEIN Case No. 14-20
in 2014. Subsequent to that settlement, I was charged by the State
of New York in this matter, and am currently incarcerated.
      Due to the fact that I have been imprisoned for the past two
years, I have been unable to make   restitution or pay the fine
I received as part of the settlement. While I am appealing my
conviction and sentence, in the meantime, I cannot make any plans
or promises as to when I will be able to pay back any of these
funds. Is it possible you could send me any information as to what
the accrued current balance is with interest, and what happens in
situations like these when a person is unable to comply with a
judgement of this nature?
      Please be assured that upon release from prison, I fully intend
to comply with this order of judgement, and pay all the funds
with interest as rapidly as possible. I was in the process of
making arrangments to that end when I was criminally charged.
I aplogize for not reaching out to you sooner, but I wasn't sure
what the accepted protocol was in these circumstances.

                                    Respectfully,

                                    Jacob N. Stein DIN#16A1228
                                    Altona Corr. Facility
                                    555 Devil's Den Road
                                    PO Box 3000
                                    Altona, NY 12910



## U.S. COMMODITY FUTURES TRADING COMMISSION
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5521
*www.cftc.gov*

**Financial Management
Branch**

### UPDATED CERTIFICATE OF INDEBTEDNESS

Debtor Name                                    Jacob N. Stein d/b/a TEPdesign, Inc.
and Addresses:                                 5 E. Ridge Road
                                               Hankins, NY  12741

Total debt due United States as of August 11, 2014:  $344,400 plus interest

    I certify that the records of the U.S. Commodity Futures Trading Commission (CFTC) show that Jacob N. Stein d/b/a TEPdesign, Inc. (Stein) is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $344,400 from August 11, 2014 at the annual rate of 0.12%.

    The claim arose in connection with an August 11, 2014 Order Instituting Proceedings Pursuant to Section 6(c) and 6(d) of the Commodity Exchange Act against Jacob N. Stein d/b/a TEPdesign, Inc.  *See CFTC v. Jacob N. Stein et al.,* No. 14-20 (CFTC August 11, 2014).  Pursuant to the Order, Stein was directed to pay a civil monetary penalty (CMP) in the amount of $100,000 and restitution in the amount of $244,400.  The CFTC received a payment of $5,905.51 which was applied to the restitution obligation.  This payment reduced the restitution obligation to $238,494.49.

    The CFTC has been informed that the U.S. Attorney's Office for the state of New York has issued a criminal indictment against Stein based on activities that are not related this matter.  According to our information, on March 29, 2016, the Court in the criminal proceeding sentenced Stein to serve 42 months in prison.

    Stein has not made any further payments to satisfy his CMP and restitution obligations and the CFTC has been unable to identify any assets of Stein.  Accordingly, the CFTC is referring this matter to the Department of Justice for enforced collection and a current assessment on whether Stein have assets to pay the CMP and restitution obligations.

    As of May 9, 2019, Stein is obligated to pay CMP and restitution amounting to $339,644.86.  This amount represents the following: (a) the CMP principal judgment of $100,000 plus post judgment interest of $529.60; and (b) the restitution principal judgment of $238,494.49 plus post judgement interest of $620.77.  Any questions regarding this matter should be directed to Linda Lightner of my staff at the above address or you may contact her by telephone at (202) 418-5227 or by e-mail at llightner@cftc.gov.

<u>**CERTIFICATION**</u>:  Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


_____                    ___5/10/19___
Linda Lightner                                      (Date)
Program Assistant

Agency Claim No.: 14-20 Administrative                                    SSN/EIN: 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

| CLAIMS COLLECTION LITIGATION REPORT (CCLR) |
|---|
| *Before submitting the CCLR, review the Agency Checklist Submission Requirements at the end of the form.* |

| 1. | Agency Claim No.: 14-20 Administrative | 2. | Submission Date: 05/09/2019 |
|---|---|---|---|

## THE CLAIM AT A GLANCE

3a.　　　　Referring Agency/Sub-Agency Name and Address:

Agency Name: Commodity Futures Trading Commission

Sub-Agency Name: Financial Management Branch

Address: Three LaFayette Centre

Address (line 2): 1155 21st Street, NW

City: Washington　　　State: DC　　Zip: 20581

3b.　　Original Creditor Agency Name & Address (if different from Referring Agency):

Name: Commodity Futures Trading Commission

Address: Three LaFayette Centre

Address (line 2): 1155 21st Street, NW

City: Washington　　　State: DC　　Zip: 20581

3c. Referring Agency Contact

Name: Mary Jean Buhler, Chief Financial Officer

Phone No.: (202) 418-5089

Email Address: MBuhler@cftc.gov

*(Additional contact information may be found in Block 32)*

3d.　　Referring Agency Location (ALC) for Collections:
　　　95-140001

3e.　　Total Amount of Claim: $ 339,644.86

3f. All debts referred to DOJ must be removed from the Treasury Offset Program (TOP). By clicking the checkbox, you certify that the debt is not on TOP. ☑

4.　　　Debtor(s) Name, Address, and 9-digit identifying number (SSN/EIN) for debtor (individual or entity):

| 1)  Debtor Type:　Individual ☑　　Entity ☐ | 2)  Debtor Type:　Individual ☐　　Entity ☐ |
|---|---|
| Primary Debtor's First Name: Jacob | First Name: |
| Last Name: Stein　　　　　　　　MI: N | Last Name:　　　　　　　　MI: |
| Address (line 1): 5 E. Ridge Road | Address (line 1): |
| Address (line 2): | Address (line 2): |
| City: Hankins　　State: NY　　Zip: 12741 | City:　　　State:　　Zip: |
| Identifying No.: 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　　☐ Unknown | Identifying No.:　　　☐ Unknown |
| 3)  Debtor Type:　Individual ☐　　Entity ☐ | 4)  Debtor Type:　Individual ☐　　Entity ☐ |
| First Name: | First Name: |
| Last Name:　　　　　　　　MI: | Last Name:　　　　　　　　MI: |
| Address (line 1): | Address (line 1): |
| Address (line 2): | Address (line 2): |
| City:　　　State:　　Zip: | City:　　　State:　　Zip: |
| Identifying No.:　　　☐ Unknown | Identifying No.:　　　☐ Unknown |

5.　SOL Expiration Date: 08/11/2019

　　Basis for SOL Expiration Date (include statute): Five years from date of the District Court or Commission Order.

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

Agency Claim No.: 14-20 Administrative          SSN/EIN: 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

| 6. Foreclosure Address (if applicable): | 7. Delinquency Date: |
|---|---|
| Address:<br><br>Address (line 2):<br><br>City:          State:          Zip: | 09/11/2014 |

**8a. Request for DOJ Concurrence:**
◯ Yes ⦿ No (if no, go to 8b)

<u>DOJ Concurrence for:</u>
◯ Compromise
◯ Suspension
◯ Termination

**\*For compromise, suspension or termination, include detailed facts that explain and support the basis for your request in your attached information, and refer to mailing instructions at the end of the Report.**

8c. Debtor in Bankruptcy: ◯ Yes ⦿ No

Bankruptcy Court No.

Bankruptcy Filing Date:

Chapter (check one): 7  9  11  12  13
◯ ◯ ◯ ◯ ◯

**8b.** <u>Referred for:</u>
◯ Enforced Collection
⦿ Judgment Lien Only
◯ Renew Judgment Lien Only
◯ Renew Judgment Lien & Enforce Collection
◯ Program Enforcement
◯ Foreclosure Only
◯ Foreclosure & Deficiency Judgment
◯ File Proof of Claim Only (for bankruptcy proceedings)
◯ File Real Property Lien Only
◯ Other

Additional Explanation for 8b:

**9a. Amount of Claim:**

| | |
|---|---|
| Total Principal Due | $ 338,494.49 |
| Total Interest Due | $ 1,150.37 |
| Interest Through Date | 05/09/2019 |
| Total Administrative / Other Charges Due | $ 0.00 |
| Date Interest began to accrue | |
| Date Penalties began to accrue | |
| **Total Amount of Claim** | $ 339,644.86 |

**9b. Interest Rate:**
Does Pre-Judgment interest accrue on this debt?
◯ Yes ⦿ No (if Yes, complete interest and penalty information as applicable)

What is the legal authority for the accrual of interest?
28 U.S.C. Section 1961

Interest Rate Type:
⦿ Annual     ◯ Daily
◯ Other:

Interest Rate (%): 0.12 %

Amount Accrued Daily:

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR 904 2

Agency Claim No.: 14-20 Administrative                    SSN/EIN: 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

| 9c. What is the legal authority for the accrual of penalties? | 9d. Should DOJ compromise on your Agency's behalf? |

9c. What is the legal authority for the accrual of penalties?

9d. Should DOJ compromise on your Agency's behalf?

Yes ⦿   No ◯

If yes, what is the minimum compromise amount or %

Penalty Interest Rate Type::

◯ Annual   ◯ Daily   ◯ Other:

Amount:

Penalty Interest Rate (%): 0.000%
Amount Accrued Daily:

Percent:   60.000%

---

10.   Explanation of Claim (include supporting documentation in CCLR package):

⦿ Note, guaranty, order, citation, or some other authority: CFTC Order Instituting Proceedings

◯ Statute or regulation (provide citation):

◯ Improper or Erroneous Payment

---

11.   Name of person who verified Debtor Information, Debt Data, Date Verified, and Information Verified:

Name: Linda Lightner                Date Verified: 03/27/2017            Debtor Information ☑      Foreclosures ☐ All ☐
Email: llightner@cftc.gov

Name: _____            Date Verified: _____        Debtor Information ☐      Foreclosures ☐ All ☐
Email: _____

Name: _____            Date Verified: _____        Debtor Information ☐      Foreclosures ☐ All ☐
Email: _____

Name: _____            Date Verified: _____        Debtor Information ☐      Foreclosures ☐ All ☐
Email: _____

Name: _____            Date Verified: _____        Debtor Information ☐      Foreclosures ☐ All ☐
Email: _____

Name: _____            Date Verified: _____        Debtor Information ☐      Foreclosures ☐ All ☐
Email: _____

STANDARD FORM 750 (Rev.
10/2015) Prescribed by 31 CFR 904.2

Agency Claim No.: 14-20 Administrative          SSN/EIN: 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

---

# PRIMARY DEBTOR INFORMATION
## Complete separate page for each debtor.

**Note: An entity can be a company, partnership, non-profit, state or local government, etc. For this section, depending on what is selected in block 12, specific additional questions will need to be completed. Use the CCLR Supplementary Data Sheet to furnish additional information as appropriate.**

| 12a. Debtor Type: | 12b. Debtor Status: | | | |
|---|---|---|---|---|
| [X] Individual  [ ] Entity | (●) Primary | ( ) Co-Debtor | ( ) Co-Signer | ( ) Guarantor |

| 13a.  Debtor's Full Name and Address: | 13b.  Debtor's Identification Number: |
|---|---|
| Name: Jacob N Stein | SSN/EIN: 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 |
| Address: 5 E. Ridge Road | Other Identifying No.: |
| City: Hankins          State: NY      Zip: 12741 | |

| 14.  Debtor Contact Information: | 15.  * Individual Debtors Only: |
|---|---|
| Title (if applicable): | Date of Birth: 07/11/1973 |
| Home Phone No (if applicable): (845) 887-3138 | Relationship to Primary Debtor: |
| Mobile Phone No.: (845) 887-5990 | |
| Work Phone No.: | |
| Email: | |
| Entity Website (if applicable): | |

| 16.  Alias or Other Names Used (if entity, provide other entity names): | |
|---|---|

STANDARD FORM 750
(Rev 10/2015) Prescribed by 31 CFR 904.2

Agency Claim No.:  14-20 Administrative                    SSN/EIN: 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

| 17.  *Individual Debtors Only:<br><br>Basis of Liability (include applicable statute):<br><br>CFTC Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the CEA | 18.     *Entity Debtors Only:<br><br>Form of Business:<br><br><br>Is Entity in Legal Existence?<br>◯ Yes   ◯ No   ◯ Unknown<br><br>If Yes, date and state of incorporation:<br>Date          State<br><br><br>If No, date of dissolution: |
|---|---|
| 19.  Best place to serve, if not address in Box 4 (Do NOT give a P.O. Box)<br><br>Address:<br><br>Address (line 2):<br><br>City:                State:        Zip: | 20.    *Entity Debtors Only:<br>Name, address, and phone number of registered agent of service process:<br><br>Address:<br><br>Address (line 2):<br><br>City:                State:        Zip: |
| 21.       Is debtor represented by an attorney? ◯ Yes ⦿ No:        If yes, please provide contact information:<br><br>Name:<br><br>Address:                                 Phone Number:<br><br>Address (line2):<br><br>City:                State:        Zip:        Email Address: | |

## DEBTOR'S ABILITY TO PAY
**\*Provide all asset Information available for case - (Continue on Supplemental Data Sheet if Necessary)**

| 22.   *Individual Debtors Only:<br><br>Debtor's Job Title:<br><br>Unknown | 23.   *Individual Debtors Only:<br><br>Employer's Name and Address:<br>Name: Unknown<br><br>Address:<br><br>City:                State:        Zip: |
|---|---|

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

Agency Claim No.:  14-20 Administrative                    SSN/EIN: 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

| 24. | *Individual Debtors Only: |
| --- | --- |

Debtor's Salary:                            ◯ Gross ◯ Net

◯ Weekly          ◯ Biweekly          ◯ Monthly          ◯ Annual

| 25. | The debtor/co-debtor owns or is buying the following real estate or personal property (cars, boats, etc.): | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Type | Location/Address | Owner | Purchaser Name | If Encumbered, Lending Institution | Value |
| Unknown | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**26. Assets in which the Government has a secured interest:**
Please see Question 41 for further details.  Note that the assigned attorney in this matter has informed the Financial Management Branch that there is no Financial Disclosure Statement for the matter.  Should you have any legal questions, please contact the assigned attorney (Patrick Daly) at (646) 746-9700.  In addition, Mr. Stein was incarcerated until July 6, 2018 and should  be released by now.  A twenty year lien would be suffice for covering the time frame of his incarceration and the time after his release.

**27.**     Other Assets: Savings/checking accounts, provide bank and/or credit union name(s) and address(es) and account number(s); deceased debtor's estate, provide administrator/executor information; other sources of income **(Continue on Supplemental Data Sheet if Necessary)**

| Financial Institution (Name and Address) | Account Number | Account Type | Account Owner(s) |
| --- | --- | --- | --- |
| Unknown | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**STANDARD FORM 750**
(Rev  10/2015) Prescribed by 31 CFR
904 2

**Agency Claim No.:** 14-20 Administrative          **SSN/EIN:** 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

# FORECLOSURES

Note:  If this claim is referred for foreclosure only or foreclosure and a deficiency judgment, the following additional data will be required. In such cases, insert the data called for in blocks 28 - 31 below and use the CCLR Supplementary Data Sheets to furnish additional information, as appropriate.

| 28. Mortgage Recording Information: | 29. Property Occupancy: |
|---|---|
| County: | Debtor Resides on Property:  Yes◯  No◯ |
| Date of Recording: | Property is Abandoned:  Yes◯  No◯ |
| Volume (Liber): | Property is Occupied by Tenant:  Yes◯  No◯ |
| Page Number (Folio): | If property is occupied by a tenant, provide the Name of Tenant, and contact information, if known: |
| Mortgage Company:<br>Name:<br>Address:<br><br>Phone No.:<br>Email: | |

30.    If recovery of chattels is included in the foreclosure, list the address(s) where the chattels are located, including the county:

Unknown

31. List other liens (Federal, state, other) against property:

Unknown

STANDARD FORM 750<br>(Rev. 10/2015) Prescribed by 31 CFR 904 2

Agency Claim No.: 14-20 Administrative                 SSN/EIN: 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

---

# AGENCY CLAIM HISTORY
## (Continue on Supplemental Data Sheet if Necessary)

32.     Additional agency contact information:

Administrative Unit:     Name: Financial Management Branch         Phone: (202) 418-5227

Collections Unit:        Name: Linda Lightner                     Phone: (202) 418-5227

Other:                   Name: Steve Joo                          Phone: (202) 418-5889

---

33.     Brief description of the program that suffered the loss:

The Commodity Futures Trading Commission Civil Monetary Sanctions Program for Judgments issued through the District Court and the Commission Administrative Cases.

---

| 34. Date of last demand for payment to debtor and summary of debtor's response (include details and date of any admission of debt by the debtor): | 35. Details of any compromise or settlement offers made by, or to, the debtor and any responses thereto: |
|---|---|
| A Dunning Letter was sent on October 10, 2014. | Not Applicable |

---

36.     Date and types of collection actions taken by agency:

A Dunning Letter was sent on October 10, 2014.

---

37.     Total payments received to date (include date of last payment):

A small collection of $5,905.51 has been received in this matter.

---

38.     Provide brief explanation if referral was previously sent to the DOJ for litigation:

This matter was previously referred to the United States Attorney Office for the Northern District of New York.  The USA for the Northern District of New York returned the debts and indicated that the debt should be referred to the USA for the Southern District of New York since Mr. Stein legal residence is located in USA Southern District of New York prior to his being arrested (See Attachment G).

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

Agency Claim No.: 14-20 Administrative     SSN/EIN: 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

## ADDITIONAL INFORMATION – HHS Referrals

39.   For HHS loans: Medical or other professional association locator data:

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904 2

Agency Claim No.: 14-20 Administrative          SSN/EIN:  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

## ADDITIONAL INFORMATION – Treasury Referrals

40. For debts referred by Treasury on behalf of original creditor agency:

The Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134, requires federal agencies to refer eligible delinquent non-tax debts owed to the U.S. Department of the Treasury (Treasury) for centralized debt collection.  The Bureau of the Fiscal Service, Debt Management Services (DMS), carries out Treasury's main responsibilities under the DCIA through its Cross-Servicing program and Treasury Offset Program (TOP).  31 U.S.C §§ 3711(g) and 3716(a).
DMS collects delinquent debts through its Treasury Offset Program (TOP) and its Cross-Servicing Program. 31 U.S.C § 3711;

The Cross-Servicing program utilizes a variety of collection mechanisms to collect delinquent debts, including sending demand letters, calling debtors, submitting debts to TOP, referring debts to private collection agencies, reporting debts to credit bureaus, initiating administrative wage garnishment, and referring administratively uncollectable debts to the Department of Justice for enforced collection.  TOP may be utilized as a debt collection tool as part of the Cross-Servicing program, or as a standalone program under mandatory referral once a debt becomes more than 120-days delinquent. 31 U.S.C. § 3716 (administrative offset) and 31 C.F.R. Part 285, subpart A.

Before referring delinquent debts to Treasury for collection, a creditor agency establishes an agency profile with DMS detailing the creditor agency's debt collection requirements.  With each debt referred, the creditor agency also certifies to Treasury that the debt is valid, delinquent, legally enforceable in the amount stated, and that all requisite due process requirements have been met.

In order to cover the cost of centralized debt collection, DMS charges creditor agencies fees. 31 U.S.C. § 3711(g)(6), (7); 31 C.F.R. § 285.12.(j); 31 C.F.R. § 901.1(f).  Creditor agencies, in turn, are generally required to pass on their debt collection costs to the debtor. 31 U.S.C. § 3717(e)(l); 31 C.F.R. § 901.1(c).  Cross-Servicing collection fees are 28% for debts that are less than two years delinquent and 30% for debts that are over two years delinquent, based on the delinquency date provided by the creditor agency.  The fee is computed as 28% or 30% of the principal, plus interest, penalty, and administrative costs of the referred debt.  When a collection on a federal non-tax debt results from offset of payments through TOP, DMS charges the creditor agency the TOP fee of $17.00 per offset, and does not charge the 28% or 30% fee.

Summary of collection actions taken by original creditor agency and DMS:

STANDARD FORM 750
(Rev 10/2015) Prescribed by 31 CFR 904.2

**Agency Claim No.:** 14-20 Administrative          **SSN/EIN:** 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

---

# CCLR SUPPLEMENTARY DATA SHEET

41. Use this sheet to provide any additional information that might help locate those from whom the claim might be collected and any assets that might be available to satisfy a judgment in favor of the United States. Please indicate the number(s) of the block(s) on the CCLR that any additional data is intended to supplement.

The Commodity Futures Trading Commission (CFTC) is trying to collect the civil monetary penalty and the restitution owed by the defendant as well as an assessment from the Department of Justice (DOJ) as to whether the debts are collectible. The CFTC in its review has determine to refer the debts to DOJ for enforced collection of the civil monetary penalty and the restitution obligations.

The statutory provisions pertaining to the CFTC referring this matter to DOJ is as follows:

• 7 U.S.C. § 9a(3)(A)(B) (administratively imposed money penalties against any person other than a registered entity) – "If the person against whom the money penalty is assessed fails to pay such penalty after the lapse of the period allowed for appeal or after the affirmance of such penalty, the Commission may refer the matter to the Attorney General who shall recover such penalty by action in the appropriate United States district court."

• 7 U.S.C. § 13a (registered entities) – "If any registered entity is not enforcing or has not enforced its rules of government made a condition of its designation or registration as set forth in sections 7 through 7a–2 of this title, or if any registered entity, or any director, officer, agent, or employee of any registered entity otherwise is violating or has violated any of the provisions of this chapter or any of the rules, regulations, or orders of the Commission thereunder, the Commission may . . . assess a civil penalty . . . . If the offending registered entity or other person upon whom such penalty is imposed, after the lapse of the period allowed for appeal or after the affirmance of such penalty, shall fail to pay such penalty, the Commission shall refer the matter to the Attorney General who shall recover such penalty by action in the appropriate United States district court."

• 7 U.S.C. § 13a-1(d)(2) (any person) -- "If a person on whom such a penalty is imposed fails to pay the penalty within the time prescribed in the court's order, the Commission may refer the matter to the Attorney General who shall recover the penalty by action in the appropriate United States district court."

Attachment A -- CFTC Adminstrative Order Instituting Proceedings dated August 11, 2016
Attachment B -- NFA Dunning Letter and Letter Returning Restitution Debt Back to the CFTC
Attachment C -- CFTC Dunning Letter Requesting payment of the CMP and Restitution obligations
Attachment D -- Jacob N. Stein December 20, 2016 Letter & New York Dept. of Correction Information
Attachment E -- Jacob N. Stein Clear Asset Report
Attachment F -- Jacob N. Stein January 29, 2013 Deposition
Attachment G -- E-mail and Letter from the United States Attorney Office for the Northern District of New York

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

# Additional Debtors

STANDARD FORM 750 (Rev.
10/2015) Prescribed by 31 CFR 904.2

Agency Claim No.: 14-20 Administrative          SSN/EIN: 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

## ADDITIONAL DEBTOR INFORMATION #2
### Complete separate page for each debtor.

**Note: An entity can be a company, partnership, non-profit, state or local government, etc. For this section, depending on what is selected in block 12, specific additional questions will need to be completed. Use the CCLR Supplementary Data Sheet to furnish additional information as appropriate.**

| 12a. Debtor Type: | 12b. Debtor Status: | | | |
|---|---|---|---|---|
| ☐ Individual  ☐ Entity | ◉ Primary | ○ Co-Debtor | ○ Co-Signer | ○ Guarantor |

| 13a. Debtor's Full Name and Address: | 13b. Debtor's Identification Number: |
|---|---|
| Name: | SSN/EIN: |
| Address: | Other Identifying No.: |
| City:          State:          Zip: | |

| 14. Debtor Contact Information: | 15. * Individual Debtors Only: |
|---|---|
| Title (if applicable): | Date of Birth: |
| Home Phone No (if applicable): | Relationship to Primary Debtor: |
| Mobile Phone No.: | |
| Work Phone No.: | |
| Email: | |
| Entity Website (if applicable): | |

16. Alias or Other Names Used (if entity, provide other entity names):

STANDARD FORM 750 (Rev 10/2015) Prescribed by 31 CFR 904.2

**Agency Claim No.:**  14-20 Administrative                **SSN/EIN:**  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

| 17.   *Individual Debtors Only: | 18.      *Entity Debtors Only: |
|---|---|
| Basis of Liability (include applicable statute): | Form of Business:<br><br>Is Entity in Legal Existence?<br>◯ Yes  ◯ No  ◯ Unknown<br><br>If Yes, date and state of incorporation:<br>Date          State<br><br>If No, date of dissolution: |
| 19.  Best place to serve, if not address in Box 4 (Do NOT give a P.O. Box)<br><br>Address:<br><br>City:          State:          Zip: | 20.     *Entity Debtors Only:<br>Name, address, and phone number of registered agent of service process:<br><br>Address:<br><br>Address (line 2):<br><br>City:          State:          Zip: |

| 21.      Is debtor represented by an attorney? ◯ Yes ◯ No: | |
|---|---|
| If yes, contact information:<br><br>Name: | Phone Number: |
| Address: | Email Address: |
| City:          State:          Zip: | |

## DEBTOR'S ABILITY TO PAY
### *Provide all asset Information available for case - (Continue on Supplemental Data Sheet if Necessary)

| 22.   *Individual Debtors Only: | 23.    *Individual Debtors Only: |
|---|---|
| Debtor's Job Title: | Employer's Name and Address:<br>Name:<br><br>Address:<br><br>City:          State:          Zip: |

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

Agency Claim No.: 14-20 Administrative          SSN/EIN: 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

| 24. | *Individual Debtors Only: | | | | | |
|---|---|---|---|---|---|---|

Debtor's Salary:                              ○ Gross ○ Net

○ Weekly          ○ Biweekly          ○ Monthly          ○ Annual

| 25. | The debtor/co-debtor owns or is buying the following real estate or personal property (cars, boats, etc.): | | | | | |
|---|---|---|---|---|---|---|
| **Type** | **Location/Address** | **Owner** | **Purchaser Name** | **If Encumbered, Lending Institution** | | **Value** |
| Unknown | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

26. Assets in which the Government has a secured interest:

27.     Other Assets: Savings/checking accounts, provide bank and/or credit union name(s) and address(s) and account number(s); deceased debtor's estate, provide administrator/executor information; other sources of income (**Continue on Supplemental Data Sheet if Necessary**)

| Financial Institution (Name and Address) | Account Number | Account Type | Account Owner(s) |
|---|---|---|---|
| Unknown | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904.2

**Agency Claim No.:** 14-20 Administrative          **SSN/EIN:** 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

---

# ADDITIONAL DEBTOR INFORMATION #3
## Complete separate page for each debtor.

**Note: An entity can be a company, partnership, non-profit, state or local government, etc. For this section, depending on what is selected in block 12, specific additional questions will need to be completed. Use the CCLR Supplementary Data Sheet to furnish additional information as appropriate.**

12a.    Debtor Type:                    12b. Debtor Status:
  ☐ Individual    ☐ Entity      ○ Primary      ○ Co-Debtor      ○ Co-Signer      ○ Guarantor

| 13a.    Debtor's Full Name and Address: | 13b.    Debtor's Identification Number: |
|---|---|
| Name: | SSN/EIN: |
| Address: | Other Identifying No.: |
| City:          State:     Zip: | |

| 14.    Debtor Contact Information: | 15.    * Individual Debtors Only: |
|---|---|
| Title (if applicable): | Date of Birth: |
| Home Phone No (if applicable): | Relationship to Primary Debtor: |
| Mobile Phone No.: | |
| Work Phone No.: | |
| Email: | |
| Entity Website (if applicable): | |

16.    Alias or Other Names Used (if entity, provide other entity names):

**STANDARD FORM 750**
(Rev. 10/2015) Prescribed by 31 CFR 904.2

**Agency Claim No.:**  14-20 Administrative       **SSN/EIN:**  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

| | |
|---|---|
| 17.  *Individual Debtors Only:<br><br>     Basis of Liability (include applicable statute): | 18.     *Entity Debtors Only:<br><br>     Form of Business:<br><br><br>     Is Entity in Legal Existence?<br>     ◯ Yes  ◯ No  ◯ Unknown<br><br>     If Yes, date and state of incorporation:<br>     Date            State<br><br>     If No, date of dissolution: |
| 19.  Best place to serve, if not address in Box 4 (Do NOT give a<br>     P.O. Box)<br><br>Address:<br><br>City:              State:         Zip: | 20.     *Entity Debtors Only:<br>Name, address, and phone number of registered agent of service process:<br><br>Address:<br><br>Address (line 2):<br><br>City:              State:        Zip: |

| |
|---|
| 21.     Is debtor represented by an attorney? ◯Yes◯No:<br><br>     If yes, contact information:<br><br>Name:                           Phone Number:<br><br>Address:                         Email Address:<br><br>City:              State:        Zip: |

## DEBTOR'S ABILITY TO PAY
### *Provide all asset Information available for case - (Continue on Supplemental Data Sheet if Necessary)

| | |
|---|---|
| 22.    *Individual Debtors Only:<br><br>     Debtor's Job Title: | 23.    *Individual Debtors Only:<br><br>       Employer's Name and Address:<br>Name:<br><br>Address:<br><br>City:              State:       Zip: |

STANDARD FORM 750<br>(Rev. 10/2015) Prescribed by 31 CFR<br>904.2

**Agency Claim No.:**  14-20 Administrative                **SSN/EIN:** 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

| 24. | *Individual Debtors Only: |
|---|---|

Debtor's Salary:                          ○ Gross ○ Net

○ Weekly          ○ Biweekly          ○ Monthly          ○ Annual

| 25. | The debtor/co-debtor owns or is buying the following real estate or personal property (cars, boats, etc.): | | | | |
|---|---|---|---|---|---|
| **Type** | **Location/Address** | **Owner** | **Purchaser Name** | **If Encumbered, Lending Institution** | **Value** |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

26. Assets in which the Government has a secured interest:

27.    Other Assets: Savings/checking accounts, provide bank and/or credit union name(s) and address(s) and account number(s); deceased debtor's estate, provide administrator/executor information; other sources of income (**Continue on Supplemental Data Sheet if Necessary**)

| **Financial Institution (Name and Address)** | **Account Number** | **Account Type** | **Account Owner(s)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR
904 2

**Agency Claim No.:** 14-20 Administrative          **SSN/EIN:** 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

# ADDITIONAL DEBTOR INFORMATION #4
## Complete separate page for each debtor.
**Note: An entity can be a company, partnership, non-profit, state or local government, etc. For this section, depending on what is selected in block 12, specific additional questions will need to be completed. Use the CCLR Supplementary Data Sheet to furnish additional information as appropriate.**

| 12a.   Debtor Type: | 12b. Debtor Status: | | | |
|---|---|---|---|---|
| ☐ Individual   ☐ Entity | ⬡ Primary | ⬡ Co-Debtor | ⬡ Co-Signer | ⬡ Guarantor |

| 13a.   Debtor's Full Name and Address: | 13b.   Debtor's Identification Number: |
|---|---|
| Name: | SSN/EIN: |
| Address: | Other Identifying No.: |
| City:              State:      Zip: | |

| 14.   Debtor Contact Information: | 15.   * Individual Debtors Only: |
|---|---|
| Title (if applicable): | Date of Birth: |
| Home Phone No (if applicable): | Relationship to Primary Debtor: |
| Mobile Phone No.: | |
| Work Phone No.: | |
| Email: | |
| Entity Website (if applicable): | |

16.   Alias or Other Names Used (if entity, provide other entity names):

STANDARD FORM 750
(Rev  10/2015) Prescribed by 31 CFR
904 2

Agency Claim No.:   14-20 Administrative                SSN/EIN:  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

| 17.   *Individual Debtors Only:<br><br>Basis of Liability (include applicable statute): | 18.     *Entity Debtors Only:<br><br>Form of Business:<br><br>Is Entity in Legal Existence?<br>◯ Yes  ◯ No  ◯ Unknown<br><br>If Yes, date and state of incorporation:<br>Date                State<br><br>If No, date of dissolution: |
|---|---|
| 19.  Best place to serve, if not address in Box 4 (Do NOT give a P.O. Box)<br><br>Address:<br><br>City:                State:        Zip: | 20.    *Entity Debtors Only:<br>Name, address, and phone number of registered agent of service process:<br><br>Address:<br><br>Address (line 2):<br><br>City:                State:        Zip: |
| 21.       Is debtor represented by an attorney? ◯Yes ◯No:<br><br>     If yes, contact information:<br><br>  Name:<br><br>  Address:<br><br>  City:                State:        Zip: | Phone Number:<br><br>Email Address: |

| DEBTOR'S ABILITY TO PAY |
|---|
| *Provide all asset Information available for case - (Continue on Supplemental Data Sheet if Necessary) |

| 22.   *Individual Debtors Only:<br><br>   Debtor's Job Title: | 23.   *Individual Debtors Only:<br><br>     Employer's Name and Address:<br>Name:<br><br>Address:<br><br>City:                State:        Zip: |
|---|---|

STANDARD FORM 750<br>(Rev. 10/2015) Prescribed by 31 CFR 904.2

**Agency Claim No.:** 14-20 Administrative          **SSN/EIN:** 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

| 24. | *Individual Debtors Only: |
| --- | --- |

Debtor's Salary:                    ◯ Gross ◯ Net

◯ Weekly          ◯ Biweekly          ◯ Monthly          ◯ Annual

**25.** The debtor/co-debtor owns or is buying the following real estate or personal property (cars, boats, etc.):

| Type | Location/Address | Owner | Purchaser Name | If Encumbered, Lending Institution | Value |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**26.** Assets in which the Government has a secured interest:

**27.** Other Assets: Savings/checking accounts, provide bank and/or credit union name(s) and address(es) and account number(s); deceased debtor's estate, provide administrator/executor information; other sources of income (**Continue on Supplemental Data Sheet if Necessary**)

| Financial Institution (Name and Address) | Account Number | Account Type | Account Owner(s) |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

STANDARD FORM 750
(Rev. 10/2015) Prescribed by 31 CFR 904.2